**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

HELENE HINES and JENNIFER HINES, Individually and on Behalf of All Others Similarly Situated,

Plaintiffs

- against –

TONINO'S PIZZA RESTAURANT, INC. and TONINO'S GOURMET PIZZA, INC.,

Defendants

26 Civ. 6736

**COMPLAINT**

**JURY DEMAND**

Plaintiffs HELENE HINES and JENNIFER HINES, by and through their counsel, James E. Bahamonde, Esq. from the Law Offices of James E. Bahamonde, PC, hereby file this Complaint and respectfully allege against Defendants**:**

## STATEMENT OF CLAIM

1. Despite the Americans with Disabilities Act's (hereinafter 'ADA') unequivocal mandate in effect for more than three decades, Defendants deliberately disregarded their legal obligation to make reasonable modifications for individuals with disabilities accompanied by service or guide dogs. Even after being informed that Plaintiffs' dogs were trained service animals and that federal law protects Plaintiffs' right of access places of public accommodation like Defendants' restaurant, Defendants allegedly responded that they did not care and then asserted, "This is my restaurant, and I'll decide who can enter." Defendants' exclusion of Plaintiffs reflect its deliberate indifference to the law, and constitute a practice of denying individuals with disabilities accompanied by service or guide dogs equal access to, and full enjoyment of, Defendants' public accommodation. As a result, Plaintiffs and others similarly situated are

excluded from the goods, services, privileges, advantages, and accommodations Defendants offer to the public.

2. Plaintiffs file this action on behalf of themselves and as an action for those similarly situated, complaining of violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182 (hereinafter "ADA"), New York State Civil Rights Law §§ 40-c, 40-d, and 47-b, New York State Human Rights Law § 296 *et seq,* and Suffolk County Human Rights Law § 528-8, *et seq*.).

3. Plaintiffs seek damages, declaratory and injunctive relief, as well as fees and costs against the Defendants.

**VENUE AND JURISDICTION**

4. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiffs' rights under the ADA.

5. The Court has supplemental jurisdiction over Plaintiffs' allegations arising from Defendants' state law violations pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, alleged herein, occurred in this district.

7. The jurisdiction of this court is invoked pursuant to 28 U.S.C. Sections 1331 and 2201 and through the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

**PARTIES**

8. That at all times hereinafter mentioned, Plaintiff Helene Hines is now, and at all times mentioned in this complaint, a resident of Suffolk County, New York.

9. That at all times hereinafter mentioned, Plaintiff Jennifer Hines is now, and at all times

mentioned in this complaint, a resident of Suffolk County, New York.

10. Defendant Tonino's Pizza Restaurant, Inc. is a New York domestic business corporation authorized by the Secretary of the State of New York to do business in New York State with its principal County of business designated as Suffolk County, New York.

11. Defendant Tonino's Pizza Restaurant, Inc. owns, leases or leases to, or operates the public accommodation named Tonino's Pizza & Trattoria located at 88 Old Riverhead Road, Westhampton Beach, New York (hereinafter ‘public accommodation’).

12. Defendant Tonino's Gourmet Pizza Inc. is a New York domestic business corporation authorized by the Secretary of the State of New York to do business in New York State with its principal County of business designated as Suffolk County, New York.

13. Defendant Tonino's Gourmet Pizza, Inc. owns, leases, or leases to, or operates the public accommodation named Tonino's Pizza & Trattoria located at 88 Old Riverhead Road, Westhampton Beach, New York.

## CLASS ACTION

14. Plaintiffs bring this suit for declaratory and injunctive relief and as a class action for all those similarly situated who are disabled persons accompanied by a service or guide dog while using, or desiring to use, the accommodations offered to the public by Defendants, and who are protected by, and beneficiaries of, the ADA, New York State Law, and Suffolk County Law.

15. Plaintiffs, complaining for themselves and all others similarly situated residents in Suffolk County and State of New York hereby alleges: (a) the class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable; (b) there are questions of law or fact common to the class which predominate over any questions affecting only individual members; (c) the claims or defenses of the representative parties are

typical of the claims or defenses of the class; (d) the representative parties will fairly and adequately protect the interests of the class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

16. References to "Plaintiffs" shall be deemed to include the individually named Plaintiffs, and each member of the Class, unless otherwise indicated.

## STATUTORY SCHEME

17. The 2020 United States Census indicates that more than 61 million persons in the United States have a disability. More than 535,000 New York City residents live with an ambulatory disability.

18. The ADA, New York State Human Rights Law, and Suffolk County Human Rights Law recognize individuals with disabilities as a protected class.

19. It is unlawful for a private entity which owns, leases to, or operates a place of public accommodation to discriminate against a disabled person accompanied by a service or guide dog.

20. Persons with a disability accompanied by a service or guide dog are guaranteed the right to have such dog in their immediate custody while exercising any of the rights and privileges protected under the ADA, New York State Human Rights Law, New York State Civil Rights Law, and Suffolk County Human Rights Law.

21. Allergies and fear of dogs are not valid reasons for denying access or refusing service to people using service or guide dog.

22. Discriminatory intent is not required to establish liability under ADA and New York State Human Rights Law.

## FACTUAL BACKGROUND

23. Plaintiff Helene Hines has multiple sclerosis, an autoimmune disease, which is a

permanent disability. Consequently, she is substantially limited in her ability to walk and uses a walker for mobility. Ms. Hines is also co-Plaintiff Jennifer Hines' mother.

24. Plaintiff Helene Hines owns and uses a trained service dog to help mitigate the physical limitations caused by her disability. The dog assists Ms. Hines with maintaining her balance and retrieves items for her, thereby supporting her mobility and enabling her to perform daily activities more safely and independently.

25. Plaintiff Jennifer Hines was diagnosed with a sympathetic nervous system disorder named Reflex Sympathetic Dystrophy Syndrome (RSDS). The disease and medications Ms. Hines is required to take have led to intermittent seizures.

26. Plaintiff Jennifer Hines owns and uses a trained service dog. This service dog is trained to alert her before the onset of a seizure. This advance warning enables her to take appropriate safety precautions to reduce the risk of injury to herself and others.

27. As a direct and proximate result of Helene and Jennifer Hines' respective conditions, they are individuals with disabilities for the purposes of this action

28. Plaintiffs reside in the same neighborhood where Defendants' public accommodation is located.

29. On October 4, 2026, Plaintiffs desired to dine at Defendants' pizzeria in Westhampton, New York, of course accompanied by their service dogs. Upon Plaintiffs' entry, Defendants' hostess told them that they could not enter the restaurant with the dogs and refused to seat them at a table, or provide them with any service.

30. Plaintiff Jennifer Hines responded by explaining that both her and her mother's dogs are trained service dogs. She further informed the hostess that she has seizures, and her dog was trained to alert her to impending seizures. Jennifer also informed the hostess that her mother's

dog was trained to assist with balance and retrieve items because her mother has multiple sclerosis.

31. Jennifer further explained that the dogs were working service animals, not ordinary pets, and that federal law protected her and her mother's right to enter their restaurant with them. The hostess then laughed at Jennifer Hines in an arrogant and obnoxious manner perfunctorily dismissed her explanation and again refused to allow Plaintiffs to enter Defendants' restaurant. The hostess' demeaning response reduced Plaintiffs and their service dogs to objects of ridicule. The hostess then summoned an individual she called the manager of the restaurant named 'Anthony'.

32. When Anthony arrived, the hostess related to him what Jennifer Hines had told her about her and her mother's disabilities and need for service dogs. Anthony then proceeded to arrogantly and dismissively laughed at Plaintiffs and their explanation. He stated, in substance, that he did not care what type of dogs they were, it was his restaurant, and that he could refuse entry to anyone he chooses. Anthony further admitted that he would deny entry to a blind person accompanied by guide dog, saying he did not care what type of dog it was.

33. Anthony reiterated the hostess' initial refusal to admit or serve Plaintiffs because they were accompanied by service dogs. The police were then contacted by Plaintiff .

34. The responding police officer informed Anthony that federal law required the restaurant to admit individuals accompanied by service dogs. Anthony nevertheless maintained his refusal, claiming that he was allergic to dogs, and refused to permit Plaintiffs and their service dogs into the restaurant.

35. Several customers were present and witnessed the incident. Plaintiffs were subjected to the hostess's and Anthony's demeaning laughter, ridicule, and dismissive treatment while being

denied entry and service because they were accompanied by service dogs. As a result, Plaintiffs suffered humiliation, embarrassment, and indignity in the presence of the restaurant's patrons.

36. Plaintiffs are deterred from patronizing Defendants' public accommodation in the future because Defendants refused to serve them.

37. Plaintiffs regularly is in area in which Defendants' public accommodation is located, and intend to avail themselves the goods and services offered to the public by Defendants' public accommodation if it were to become readily accessible to them.

38. To date, Defendants adamantly refused to allow service or guide dogs entry into the restaurant.

**FIRST CAUSE OF ACTION**
**(Violations of the Americans with Disabilities Act)**
(Injunctive Relief)

39. Each Plaintiff has a disability as that term is defined by the ADA.

40. Defendants' restaurant named Tonino's Pizza & Trattoria located at 88 Old Riverhead Road, Westhampton Beach, NY 11977 is a public accommodation within the meaning of Title III of the ADA, 42 U.S.C. § 12181; 28 C.F.R. § 36.104.

41. The primary function of Defendants' public accommodation is dining and food service.

42. Defendants have a policy and practice of refusing to make reasonable modifications to their policy(ies) and practice(s) by not allowing disabled persons accompanied by their service or guide dogs entry into the restaurant.

43. Defendants have discriminated against Plaintiffs, and all others similarly situated, on the basis of disability, in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of its public accommodation in violation of 42 U.S. Code § 12182(a).

44. Defendants have subjected Plaintiffs, and all others similarly situated, on the basis of disability, directly, or through contractual, licensing, or other arrangements, denial of the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of Defendants in violation of 42 U.S. Code § 12182(b)(1)(A)(i).

45. Defendants have not afforded Plaintiffs, and all others similarly situated, on the basis of disability, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is equal to that afforded to other individuals in violation of 42 U.S. Code § 12182(b)(1)(A)(ii).

46. Defendants have provided Plaintiffs, and all others similarly situated, on the basis of disability, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals in violation of 42 U.S. Code § 12182(b)(1)(A)(ii).

47. Defendants have not afforded Plaintiffs, and all others similarly situated, the goods, services, facilities, privileges, advantages, and accommodations in the most integrated setting appropriate in violation of 42 U.S. Code § 12182(b)(1)(B).

48. Defendants have denied Plaintiffs, and all others similarly situated, the opportunity to participate in such program or activities that is not separate or different in violation 42 U.S. Code § 12182(b)(1)(C).

49. Defendants have imposed or applied an eligibility criteria that screened out or tended to screen out Plaintiffs, and all others similarly situated, from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations being offered in violation of 42 U.S. Code § 12182(b)(2)(A)(i).

50. Defendants have failed to make reasonable modifications in their policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to Plaintiffs in violation of 42 U.S. Code § 12182(b)(2)(A)(ii).

51. The barriers to access Defendants' public accommodation continue to exist.

52. Reasonable modification(s) exist which do not impose an undue hardship on the operation of the Defendants' program or activity.

53. Reasonable modification(s) could be made which do not fundamentally alter the nature of the Defendants' program or activity.

**SECOND CAUSE OF ACTION**
**(Violations of New York State Human Rights Law)**

(Injunctive Relief and Damages)

54. Plaintiffs reallege and incorporate by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

55. Each Plaintiff is an individual with a disability as that term is defined by New York State Human Rights Law.

56. The service dogs owned by Helene Hines and Jennifer Hines are bona fide "service dogs" as this term is defined by New York State Executive Law § 292(33).

57. Tonino's Pizza & Trattoria, located at 88 Old Riverhead Road, Westhampton Beach, New York, is a public accommodation within the meaning of New York State Human Rights Law § 292(9).

58. Defendants own, operate, or leases a public accommodation named Tonino's Pizza & Trattoria located at 88 Old Riverhead Road, Westhampton Beach, New York.

59. Defendants have not provided Plaintiffs and others similarly situated with evenhanded

treatment in violation of New York State Human Rights Law § 296.2(a).

60. Defendants' direct or indirect un-evenhanded treatment of Plaintiffs and others similarly situated is demonstrated when they were segregated from all other customers.

61. Defendants have, because of Plaintiffs' disability, directly or indirectly, refused, withheld from or denied Plaintiffs any of the accommodations, advantages, facilities or privileges of their public accommodation.

62. Defendants have demonstrated that the patronage or custom thereat of Plaintiffs and others similarly situated, is unwelcome, objectionable or not acceptable, desired or solicited.

63. Defendants and its agents discriminated against Plaintiffs in violation of New York State Human Rights Law § 296.2(a).

64. Defendants discriminated against Plaintiffs by creating, fostering, and otherwise failing to prevent or remedy the discrimination against Plaintiffs, in violation of New York State Human Rights Law § 296.

65. Defendants discriminated against Plaintiffs by refusing to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford facilities, privileges, advantages or accommodations to individuals with disabilities in violation of New York State Human Rights Law § 296.2(c).

66. Reasonable modifications could be made which do not fundamentally alter the nature of such facilities, privileges, advantages or accommodations.

67. The necessary reasonable modifications do not impose an undue burden.

68. The conduct of Defendants and their agents is discriminatory because it aided, abetted, incited, compelled or coerced the doing of acts forbidden under New York State Human Rights Laws, in violation of New York State Executive Law § 296(6).

69. Defendants have denied Plaintiffs access or otherwise discriminated against them because they were accompanied by a dog that has been trained to work or perform specific tasks for the benefit of such persons.

70. The conduct of Defendants constitute discrimination against a disabled person on the basis of the disabled person's use of a service dog in violation of New York State Executive Law § 296(14).

71. As a direct and proximate result of the disability discrimination perpetrated by Defendants in violation of the New York State Human Rights Law, Plaintiffs have suffered and continue to suffer physical pain, and emotional distress -- including but not limited to great levels of fear, anxiety, indignity, humiliation, loss of self-esteem and self-confidence, migraine headaches and attendant bodily injury, violently ill, vomiting, and otherwise sustained injury.

**THIRD CAUSE OF ACTION**
**(Violations of New York State Civil Rights Law §§40-c and 40-d)**

(Statutory Damages on Behalf of Plaintiff)

72. Plaintiffs reallege and incorporate by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

73. On the basis of Plaintiffs' disability, Defendants have violated their Civil Rights.

74. Consequently, Plaintiffs are entitled to recover the statutory penalty prescribed by Civil Rights Law § 40-c and 40-d, in the amount of $500 for each and every violation.

75. Pursuant to NY Civil Rights law, Defendants are guilty of a class A misdemeanor.

76. Notice of the action has been served upon the Attorney-General as required by Civil Rights Law § 40-d.

**FOURTH CAUSE OF ACTION**
**(New York State Civil Rights Law § 47-b)**

77. Plaintiffs reallege and incorporate by this reference all of the allegations set forth in this

Complaint as if fully set forth herein.

78. Each dog that accompanied Plaintiffs qualifies as a service dog as defined by New York State Civil Rights Law § 47-B(7).

79. Defendants have denied Plaintiffs admittance to, and or the equal use of and enjoyment of, Defendants' restaurant solely because Plaintiffs have a disability and were accompanied by service dogs.

80. Defendants have violated New York State Civil Rights Law § 47-B within the last two years.

81. Plaintiffs are entitled to recover the statutory penalty prescribed by Civil Rights Law § 47-c in the amount of $1000.

**FIFTH CAUSE OF ACTION**
**(Suffolk County Human Rights Law § 528-8, *et seq*.)**

82. Plaintiffs reallege and incorporate by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

83. Defendants have refused to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford facilities, privileges, advantages or accommodations to Plaintiffs, and all others similarly situated.

84. Reasonable modifications exist which do not fundamentally alter the nature of Defendants' facilities, privileges, advantages or accommodations.

85. Reasonable modifications exist which do not result in an undue burden.

86. Upon information and belief, Defendants have sufficient overall financial resources to make a reasonable modification in their policies, practices, procedures that are necessary to afford facilities, privileges, advantages or accommodations to Plaintiffs, and all others similarly situated.

87. Reasonable modifications exist which are not significantly difficult or expensive.

88. Defendants have refused to make such facilities, privileges, advantages or accommodations available through alternative methods.

89. Defendants have aided, abetted, incited, compelled or coerced the doing of acts prohibited under Suffolk County Human Rights Law.

90. Defendants have retaliated and discriminated against Plaintiffs on the basis of their service dog.

91. Defendants have coerced, intimidated, threatened, or interfered with Plaintiffs in the exercise or enjoyment of, or on account of them having exercised or enjoyed, any right granted or protected by the Suffolk County Human Rights Law.

92. As a direct and proximate result of the disability discrimination perpetrated by Defendants in violation of the Suffolk County Human Rights Law, Plaintiffs have suffered and continue to suffer physical pain, and emotional distress -- including but not limited to great levels of fear, anxiety, indignity, humiliation, loss of self-esteem and self-confidence, migraine headaches and attendant bodily injury, violently ill, vomiting, and otherwise sustained injury.

**SIXTH CAUSE OF ACTION**
**(Declaratory Relief)**

93. Plaintiffs reallege and incorporate by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

94. Plaintiffs are entitled to a declaratory judgment concerning the violations committed by Defendants specifying the rights of Plaintiffs and other persons similarly situated as to the policies, practices, procedures, facilities, goods and services provided by Defendant.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request the following relief from the Court:

A. Certify this case as a class action;

B. Issue a permanent injunction 1) proscribing discrimination on the basis of an individual's disability, which requires them to be accompanied by a service or guide dog, 2) compelling Defendants to adopt a policy and procedure to handle requests for reasonable modifications; and 3) compelling Defendants to make all necessary modifications to Defendants' policies or practices so that Plaintiffs will not be subject to further discrimination, in accordance with New York State Human Rights Law, Suffolk County Human Rights Law, and Title III of the ADA.

C. Enter declaratory judgment specifying Defendants' conduct as alleged here has violated, and continues to violate, Title III of the ADA, New York State law, and its implementing regulations, and declaring the rights of Plaintiffs and other persons similarly situated as to policies, practices, procedures, facilities, goods and services offered by Defendants to the public.

D. Pursuant to New York State Civil Rights Law § 40-c and 40-d, hold Defendants liable for $500 for *each* violation.

E. Pursuant to New York State Civil Rights Law § 40-d, find Defendants guilty of a class A misdemeanor for violating New York State Civil Rights Law.

F. Award statutory damages in the amount of $500 for each Defendants' violation of New York State Civil Rights Law §§ 40-c and 40-d.

G. Award statutory damages in the amount of $1000 for Defendants violation of New York State Civil Rights Law §§ 47 and 47-c.

H. The Court retain jurisdiction over the Defendants until the Court is satisfied that the unlawful practices, acts and omissions no longer exist and will not reoccur.

I. Award Plaintiffs compensatory damages in the amount of $20,000 for the discrimination perpetrated by Defendants in violation of New York State Human Rights Law.

J. Award Plaintiffs damages in the amount to be determined at trial for the discrimination perpetrated by Defendants in violation of Suffolk County Human Rights Law

K. Find that Plaintiffs are a prevailing party in this litigation and award reasonable attorney fees, costs and expenses, and such other and further relief, at law or in equity, to which the Plaintiffs and other persons similarly situated may be justly entitled.

Dated: October 16, 2026

**Law Offices of James E. Bahamonde, P.C.**

_/s/ James E. Bahamonde ___________
JAMES E. BAHAMONDE, ESQ.
Attorney for the Plaintiffs
Tel: (646) 290-8258
Fax: (646) 435-4376
E-mail: James@CivilRightsNY.com